NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELVIN L. SWANSON, | No. 24-4926 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-06182-BAT |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Argued and Submitted August 19, 2025
Portland, Oregon

Before: CALLAHAN and MENDOZA, Circuit Judges, and SNOW, District Judge.**
Partial Concurrence and Partial Dissent by Judge CALLAHAN.

Melvin Swanson appeals the district court's judgment affirming the

Commissioner of Social Security's partial denial of his application for disability

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable G. Murray Snow, United States District Judge for the District of Arizona, sitting by designation.

1

insurance benefits under the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291.  "We review a district court's judgment de novo and set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error."  *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (internal quotation marks and citation omitted).  Substantial evidence is "more than a mere scintilla.  It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up).  We reverse and remand for further proceedings.

1.     This case was remanded once before, but the administrative law judge's ("ALJ") second decision remains largely the same as his first decision. Swanson again challenges the ALJ's consideration of the medical opinions of Drs. Packer and Sidhu.  For claims like this one filed on or after March 27, 2017, the ALJ must discuss the persuasiveness of medical opinions based on their supportability and consistency. 20 C.F.R. § 404.1520c(b)(2).  Supportability refers to the amount of "objective medical evidence and supporting explanations presented by a medical source."  *Id.* § 404.1520c(c)(1).  Consistency refers to whether the medical opinion is consistent "with the evidence from other medical sources and nonmedical sources."  *Id.* § 404.1520c(c)(2).

Both doctors concluded that Swanson was limited to less than sedentary or sedentary work activity.  The ALJ discounted these opinions because (1) the

2

doctors relied on findings from records from before the relevant period; (2) any limits related to taking opiates no longer applied; and (3) Swanson's daily activities contradicted the opinions. With respect to Dr. Sidhu's opinion and Dr. Packer's 2020 opinion, the ALJ's first two reasons are not supported by the record, as those opinions were based on records from during the relevant period and do not reference use of opiates. With respect to Swanson's daily activities, the record does not show how often Swanson engaged in these activities, and despite this case being remanded once before for similar reasons, the ALJ again failed to inquire about these activities. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[O]ne does not need to be 'utterly incapacitated' in order to be disabled" and individuals may do "activities *despite* pain for therapeutic reasons, but that does not mean [they] could concentrate on work despite the pain or could engage in similar activity for a longer period given the pain involved" (citation omitted)). Additionally, reading the treatment notes in full, Swanson reported high levels of pain and was found to have an abnormal gait after doing these activities, which supports, rather than contradicts, the doctors' opinions. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (concluding that treatment notes must be "read in full and in context"). Accordingly, the ALJ's reasons for discounting the opinions of Drs. Sidhu and Packer are not supported by substantial evidence.

2. The ALJ also failed to give sufficient reasons for rejecting the

3

opinions of Drs. Saue and Staley. The ALJ found their opinions that Swanson would have to change positions several times an hour due to hip pain and otherwise limit his postural positions and that Swanson could never climb ladders, ropes, or scaffolds to be unpersuasive because his work at Lowe's involved going up and down a ladder repeatedly and there was no evidence that he used a cane prior to February 2021. The ALJ does not explain how not using a cane contradicts these opinions related to Swanson's postural limitations. With respect to Swanson's work at Lowe's, it is unclear from the record, and the ALJ did not inquire at the hearing, whether Swanson worked at Lowe's more than one day in the summer of 2018. Additionally, the record shows that after his "all night job at Lowe's," his pain level was nine out of ten and his gait was observed to be abnormal. The ALJ therefore failed to provide reasons supported by substantial evidence for discounting the opinions of Drs. Saue and Staley.

3. The ALJ found the medical opinion of Dr. Ford to be unpersuasive. Dr. Ford opined that Swanson would be unable to adapt to new environmental conditions. The ALJ concluded that this opinion was somewhat supported but inconsistent with other evidence showing that Swanson "was consistently alert and oriented" and "had a normal mood and affect." The ALJ does not explain how these general observations from physicians who were not evaluating Swanson's mental health contradict Dr. Ford's opinion. *See Ghanim v. Colvin*, 763 F.3d 1154,

4

1164 (9th Cir. 2014). Thus, the ALJ erred by rejecting this testimony.

4. Swanson argues that the ALJ improperly rejected his testimony. To reject a claimant's testimony about the severity of their symptoms, the ALJ must provide "specific, clear and convincing reasons for doing so." *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). Here, the ALJ relied on treatment notes that indicated that Swanson had a normal gait and full muscle strength. Moreover, despite Swanson's testimony that he required an assistive device to walk, the ALJ cited to treatment notes stating that Swanson "was able to ambulate without an assistive device." While Swanson spends pages summarizing evidence in support of his testimony, he fails to show that the evidence is not "susceptible to more than one rational interpretation" and, therefore, "it is the ALJ's conclusion that must be upheld."[1] *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).

5. Finally, Swanson argues that the ALJ erred by failing to discuss lay evidence. Swanson has failed to carry his burden to show that any error was harmful, as he did not explain how consideration of this evidence would have changed the outcome of the ALJ's decision. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("[T]he burden of showing that an error is harmful normally

---

[1] Indeed, much of Swanson's briefing is either conclusory or lacking in analysis. The district court noted similar deficiencies in the briefing below that were then repeated on appeal.

falls upon the party attacking the agency's determination." (citation omitted)).

6.      Because the ALJ committed harmful error by improperly discounting medical opinion evidence, substantial evidence does not support Swanson's residual functional capacity ("RFC") assessment. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040–41 (9th Cir. 2007). Similarly, "substantial evidence [does not] support the ALJ's step-five determination, since it was based on this erroneous RFC assessment." *Id.* at 1041.

7.      We conclude that it is appropriate to remand for further administrative proceedings because there is "conflicting evidence, and not all essential factual issues have been resolved." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Therefore, we reverse the order of the district court and remand with instructions to the district court to vacate the ALJ's decision and to further remand this case to the Commissioner for further proceedings consistent with this decision.

        **REVERSED AND REMANDED.**

*Swanson v. Bisignano*, No. 24-4926

CALLAHAN, J., concurring in part and dissenting in part:

I concur in Parts 1-2 and 4-7 of the memorandum disposition, but respectfully dissent from Part 3. In my view, substantial evidence supports the ALJ's rationale for rejecting Dr. Ford's opinion.

Swanson did not challenge the ALJ's finding that he does not have any severe mental health impairments. Yet he argues that the ALJ erred in rejecting Dr. Ford's opinion that Swanson's inability to adapt to new environmental conditions limited his ability to work. The ALJ ultimately found that Dr. Ford's opinion was unpersuasive because it was supported only by Dr. Ford's one-time examination of Swanson and was inconsistent with other evidence that Swanson presented "consistently alert and oriented" with "a normal mood and affect" at his medical appointments. The ALJ also observed that Swanson lacked "mental health treatment during this period."

When a claimant has not sought mental health treatment but asserts a mental health limitation, the ALJ must assess the persuasiveness of that claim without the benefit of mental health treatment records. In such a case, it is reasonable for the ALJ to weigh a medical opinion like Dr. Ford's against other existing medical records, such as physical health treatment records. I would thus hold that the

1

ALJ's rationale for rejecting Dr. Ford's opinion—that it was out-of-line with the

medical record—is supported by substantial evidence.